(Alito, ¶.,
dissenting).
I agree with these sentiments. The “evolving standards of decency” trope, Trap v. Dulles, 356 U.S. 86, 101, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958), to which the Supreme Court resorts as .a justification for its ever expanding incursion upon the legislative prerogative of the- states to prescribe punishment for crime has no basis in the Constitution. Instead, this amorphous and malleable judicially created standard of decision “invalidates a constitutionally permissible sentencing system based on nothing more than the Court’-s belief that ‘its own sense of morality ,.. pre-empts that of the people and their representatives.’ ” Miller, 567 U.S. at-, 132 S.Ct. at 2486-87 (Thomas, J., dissenting) (quoting Graham v. Florida, 560 U.S. 48, 124, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010) (Thomas, J., dissenting)). Indeed, this premise ignores the possibility that standards of decency could “evolve” in the direction of increased punishment. “As judges we have no basis for deciding that progress toward greater decency can move only in the direction of easing sanctions on the guilty.” Miller, 567 U.S. at-, 132 S.Ct. at 2478 (Roberts, C.J., dissenting).
I disagree with the Supreme Court’s-displacement of -the authority of state legislatures and juries to strike the- moral balance in sentencing between showing mercy to the offender and protecting society from dangerous criminals. Nonetheless, if Miller is accepted as a proper exercise of the Supreme Court’s- appellate jurisdiction,; I would not limit its application only to future cases and cases pending on direct review. The expanded sentencing range that Miller mandates is, in my view, a substantive change in sentencing law and not' merely a new rule of procedure. • •
Therefore, assuming the validity of the Miller rule for purposes of this case, I respectfully dissent from denying the petitioner the opportunity for collateral review of his sentence.